959 F.2d 237
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leon Charles WHITE, Jr., Plaintiff-Appellant,
v.
Carl JAMISON; Rodney C. Hanson, Defendants-Appellees.
 No. 91-1944.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1992.
 
 1
 Before RALPH B. GUY, Jr. and BATCHELDER, Circuit Judges, and SPIEGEL, District Judge*.
 
 ORDER
 
 2
 Leon C. White, Jr., a pro se Michigan prisoner, appeals the district court's judgment dismissing his civil rights action under Fed.R.Civ.P. 52 and 56. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 White claims that the defendants, employees of the Michigan Department of Corrections, violated his constitutional rights under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, and his civil rights under 42 U.S.C. §§ 1981, 1983, and 1985. The district court granted defendants' motions for summary judgment on all issues except for the question of whether defendants Jamison and Hanson used excessive force. Following a bench trial, the district court entered judgment for Jamison and Hanson concluding that Hanson had not touched White and that Jamison had not used excessive force. In his timely appeal, White presents a multitude of issues and requests oral argument.
 
 
 4
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The trial court's factual determinations following a bench trial may be set aside only if they are clearly erroneous while the court's legal conclusions are reviewed de novo. See Anderson v. Bessemer City, 470 U.S. 564, 573-74 (1985); Woolsey v. Hunt, 932 F.2d 555, 562-63 & n. 6 (6th Cir.1991).
 
 
 5
 Upon review, we conclude that there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. See Celotex Corp., 477 U.S. at 323. Furthermore, the trial court's factual determinations and legal conclusions are neither erroneous nor contrary to law. See Anderson, 470 U.S. at 573-74.
 
 
 6
 Accordingly, we hereby deny White's request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable S. Arthur Spiegel, U.S. District Judge for the Southern District of Ohio, sitting by designation